**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEFAN SEMCHYSHYN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 08-2627-KHV |
| THE UNIVERSITY OF KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

Stefan Semchyshyn brings suit against The University of Kansas, KU School of Medicine, KU Medical Center, KU Hospital, KU Hospital Authority, Kansas Board of Regents and Kansas University Physicians Inc. for violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. This matter comes before the Court on two motions to amend: plaintiff's Second Motion for Leave to File An Amended Complaint And To Add Parties (Doc. #23) filed July 14, 2009 and Plaintiff's Third Motion For Leave To File An Amended Complaint And To Join A Party (Doc. #45) filed November 16, 2009. For the reasons stated below, the Court hereby sustains Plaintiff's Third Motion For Leave To File An Amended Complaint And To Join A Party (Doc. #45) filed November 16, 2009 and orders plaintiff to show cause why his Second Motion for Leave to File An Amended Complaint And To Add Parties (Doc. #23) filed July 14, 2009 should not be overruled as futile.

I.   Rule 15(a) Standards For Motions To Amend

The Court shall freely give leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is a matter of discretion for the trial court. See Woolsey v. Marion

Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). The Court should normally refuse to grant leave to amend only upon a showing of futility, undue delay, undue prejudice to the non-moving party or bad faith of the moving party. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993)). A district court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim. See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992).

**Factual and Procedural Background**

Plaintiff Stephen Semchyshn is a physician who has practiced medicine for more than 25 years and published numerous articles in peer review journals. He holds board certification in obstetrics and gynecology from the American College of Obstetrics and Gynecology and in maternal-fetal medicine.

On or about December 6, 2006, plaintiff, who was 65 years old, emailed Dr. Carl P. Weiner to inquire about a Maternal-Fetal Medicine Academic Clinician position which defendants had advertised on the internet. Dr. Weiner, who is chair of the obstetrics and gynecology department, responded by email that defendants were looking for a "young" fetal medicine person and inquired whether Dr. Semchyshyn knew of any candidates. Dr. Semchyshyn sent Dr. Weiner his curriculum vitae and indicated his interest in the position. Defendants did not hire him.

On June 4, 2007, plaintiff filed a discrimination charge against KU Medical Center with the Equal Employment Opportunity Commission. It issued a Notice of Right to Sue on September 17, 2008.

Plaintiff filed suit in this Court on December 11, 2008. On April 9, 2009 plaintiff amended

his complaint (with leave of court) to add Kansas University Physicians Inc. as a defendant.

**Analysis**

A. <u>Second Motion for Leave to File An Amended Complaint And To Add Parties (Doc. #23) filed July 14, 2009.</u>

Plaintiff seeks leave to file an amended complaint to add a prayer for prospective injunctive relief, to add parties against whom he seeks prospective injunctive relief and to add factual information. Specifically plaintiff seeks to add official capacity claims against Dr. Carl Weiner as chair of Obstetrics and Gynecology for the University Of Kansas School of Medicine and individual members and officers of the Kansas Board of Regents: Reginald L. Robinson (president), Gary Sherrer (vice president) and members Jarold Boettcher, Jill Docking, Christine Downey Schmidt, Richard Hedges, Dan Lykins, Janie Perkins, Donna Shank and William Thornton.

Defendants do not oppose plaintiff's motion with respect to the factual information or Dr. Weiner but argue that plaintiff's proposed claims against individual officers and members of the Board of Regents are futile because plaintiff's EEOC charge did not name them as respondents. Defendants argue that the Court therefore lacks subject matter jurisdiction under Rule 12(b)(1) because plaintiff failed to exhaust administrative remedies. See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) (administrative exhaustion jurisdictional prerequisite to suit under ADEA).

Plaintiff counters that his proposed claims are not futile because K.S.A. § 76-713 expressly authorizes suit against the Board of Regents in any action brought against any state educational institution.[1] He argues that the statute creates an identity of interest between the Board of Regents

---

[1] K.S.A. § 76-713 states in relevant part that "[t]he board of regents may be sued and
(continued...)

and KU Medical Center (which is a state educational institution) and that because the EEOC charge named KU Medical Center, he can sue the members of the Board of Regents. Indeed, plaintiff argues that (1) the Eleventh Amendment prohibits him from suing the KU Medical Center and the Board of Regents, so (2) he must therefore sue the individual Board members in their official capacities for prospective injunctive relief.

Though he does not cite any authority for this position, plaintiff presumably relies upon Ex parte Young, 209 U.S. 123 (1908), in which the Supreme Court held that the Eleventh Amendment does not bar suits which (1) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law and (2) are aimed against state officers acting in their official capacities rather than against the state itself. See Hill v. Kemp, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Plaintiff, however, does not allege how his single claim for failure to hire, which implicates only Dr. Weiner, constitutes a "continuing violation of federal law" which would be sufficient to qualify for injunctive relief and thus escape Eleventh Amendment immunity.[2] Furthermore, plaintiff does not allege how the injunctive relief which he seeks – that defendants be

---

[1](...continued)
may defend any action brought against the board of regents or any state educational institution." Kansas does not expressly consent to suit in federal court in the statute, and waiver cannot be implied from it. Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1195 (10th Cir. 1998) (finding that K.S.A. § 76-713 authorizes suits against state educational institutions brought in state court but contains no waiver of Eleventh Amendment immunity).

[2] Compare Bland v. Va. State Univ., No. 3:06CV513- HEH, 2007 WL 446122, at *5 (E.D. Va. Feb. 7, 2007) (dismissing ADEA claim against state officials based on Eleventh Amendment immunity for failure to assert ongoing violation of federal law) and Dunn v. Spivey, No. 2:09-0007, 2009 WL 1322600, at *4 (M.D. Tenn. May 11, 200) (acknowledging that whether ADEA claim involves "ongoing violation" is debatable but finding that because reinstatement of former state employee involves "prospective" relief Ex parte Young precluded dismissal under Eleventh Amendment).

-4-

"permanently enjoined from engaging in continuing practices policies, customs, and usages shown to be violative of the ADEA" – is sufficiently narrowly tailored to remedy plaintiff's alleged harm.[3] Finally, plaintiff does not allege that he has standing to seek such broad injunctive relief when the more specific relief which he seeks – that he be considered and/or hired for the position he sought – would presumably remedy any wrong which he claims to have suffered.

District courts may but are not required to consider Eleventh Amendment issues sua sponte. Nelson v. Granger, 295 F.3d 1082, 1098 (10th Cir. 2002). Defendants briefly mention Eleventh Amendment immunity issues, but neither party addresses them in detail. Accordingly, the Court orders plaintiff to show cause in writing why his Second Motion for Leave to File An Amended Complaint And To Add Parties (Doc. #23) filed July 14, 2009 should not be overruled as futile under Ex parte Young.

B. Plaintiff's Third Motion For Leave To File An Amended Complaint And To Join A Party (Doc. #45)

Plaintiff seeks leave to file an amended complaint and to join an additional defendant. Specifically, plaintiff seeks leave to amend his complaint to add a defendant, the Kansas University Gynecological & Obstetrical Foundation, which (he recently discovered) employs Dr. Weiner, the individual who allegedly discriminated against him. Plaintiff filed his motion on November 16, 2009 and under D. Kan. Rule 6.1, defendants had until November 30, 2009 to reply. Defendants did not reply and the Court therefore considers the motion as uncontested. D. Kan. Rule 7.4.

Under Rule 15(a), Fed. R. Civ. P., leave to amend is to be "freely given" and the Court finds that none of the factors precluding amendment appears here. See, e.g. Greenhorn v. Marriott Int'l,

---

[3] See, e.g. Rinehart v. Smart, No. CIV-05-1473-HE, 2006 WL 1525939, at *5 (W.D. Okla. May 26, 2006) (dismissing official capacity claim for injunctive relief as too broad).

Inc., 258 F. Supp.2d 1249, 1259 (D. Kan. 2003) (court can refuse leave to amend only where it results in undue delay or prejudice to the opposing party, movant exhibits bad faith or dilatory motive or has repeatedly failed to cure deficiencies by amendments previously allowed or the amendment is futile). For this reason, and for good cause shown, the Court sustains plaintiff's motion and grants leave to amend his complaint to add the Kansas University Gynecological & Obstetrical Foundation as a defendant.

Plaintiff is hereby **ORDERED TO SHOW CAUSE** in writing by December 11, 2009 why his Second Motion for Leave to File An Amended Complaint And To Add Parties (Doc. #23) filed July 14, 2009 should not be overruled as futile under Ex parte Young.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion For Leave To File An Amended Complaint And To Join A Party (Doc. #45) be and hereby is **SUSTAINED.** No later than December 11, 2009, plaintiff may file his Second Amended Complaint which adds the Kansas University Gynecological & Obstetrical Foundation as a defendant.

Dated this 4th day of December, 2009 at Kansas City, Kansas.

                             s/ Kathryn H. Vratil
                             KATHRYN H. VRATIL
                             United States District Judge