**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STEFAN SEMCHYSHYN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 08-2627-KHV** |
| THE UNIVERSITY OF KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Stefan Semchyshyn brings suit against The University of Kansas, KU School of Medicine, KU Medical Center, KU Hospital, KU Hospital Authority, Kansas Board of Regents and Kansas University Physicians Inc. for violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. This matter comes before the Court on three motions to dismiss: Defendant Kansas University Physicians, Inc. Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. # 11) filed May 20, 2009; Motion To Dismiss (Doc. #14) filed June 6, 2009 by The University of Kansas, KU Medical Center, KU School of Medicine and Kansas Board of Regents; and Defendant The University Of Kansas Hospital Authority's Motion To Dismiss (Doc. #19) filed July 2, 2009. The Court also considers two related motions filed by plaintiff: Plaintiff's Motion And Suggestions In Support Of Motion To File A Sur-Reply (Doc. #36) filed August 21, 2009 and Plaintiff's Integrated Rule 56(f) Motion And Memorandum In Support Of Motion To Commence Discovery (Doc. #38) filed September 10, 2009.

**Factual Background**

Stephen Semchyshyn is a physician. He has practiced medicine for more than 25 years and

published numerous articles in peer review journals. He holds board certification in obstetrics and gynecology from the American College of Obstetrics and Gynecology and in maternal-fetal medicine.

On or about December 6, 2006, plaintiff – who was 65 years old – emailed Dr. Carl P. Weiner to inquire about a Maternal-Fetal Medicine Academic Clinician position which defendants had advertised on the internet. Dr. Weiner, who is chair of the obstetrics and gynecology department, responded by email that defendants were looking for a "young" fetal medicine person and inquired whether Dr. Semchyshyn knew of any candidates. Dr. Semchyshyn sent Dr. Weiner his curriculum vitae and indicated his interest in the position. Defendants did not hire him.

On June 4, 2007, plaintiff filed a discrimination charge against KU Medical Center with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue on September 17, 2008. Plaintiff filed suit in this Court on December 11, 2008. On April 9, Plaintiff amended his complaint (with leave of court) to add Kansas University Physicians Inc. as a defendant.

## **Legal Standards**

I.   Rule 12(b)(1) Dismissal

Rule 12(b)(1), Fed. R. Civ. P., governs motions to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge, the district court must accept the allegations of the complaint as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). In a factual challenge, a party may

go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. Id. Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm's, 895 F.Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F.Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

II.     Rule 12(b)(6) Dismissal

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and then determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court, however, need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it

is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d. Cir. 2008)).

**Analysis**

A.  Motion To Dismiss (Doc. #14)

KU, the KU Medical Center, the KU School of Medicine and the Kansas Board of Regents seek dismissal because they are agencies of the State of Kansas and are therefore immune from ADEA liability under the Eleventh Amendment to the United States Constitution. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91, 120 S.Ct. 631, 650 (2000) (ADEA's purported abrogation of states' sovereign immunity held invalid). Plaintiff does not oppose defendants' motion. The Court therefore sustains the motion.

B.   <u>Defendant Kansas University Physicians, Inc. Motion To Dismiss For Lack Of Subject Matter Jurisdiction</u> (Doc. # 11), <u>Defendant The University Of Kansas Hospital Authority's Motion To Dismiss</u> (Doc. #19), and <u>Plaintiff's Integrated Rule 56(f) Motion And Memorandum In Support Of Motion To Commence Discovery</u> (Doc. #38)

Kansas University Physicians Inc. ("KUPI") and the University Of Kansas Hospital Authority ("UKHA") seek dismissal under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction. They maintain that because plaintiff did not name them in his EEOC charge, he did not exhaust administrative remedies, which is an absolute prerequisite to filing an ADEA complaint. Alternatively, UKHA seeks dismissal under Rule 12(b)(6), arguing that plaintiff has not established a prima facie case against it for failure to hire.

Plaintiff opposes the motions and seeks discovery. Specifically, plaintiff argues that KUPI and UKHA may share identity of interest or serve as "joint employers" with KU Medical Center and may therefore be exempt from his duty to exhaust. See Romero v. Union Pac. R.R. Co., 615 F.2d 1303, 1311 (10th Cir. 1980) (action may proceed against defendant not named in EEOC charge if defendant informally referred to in charge or shares clear identity of interest with named party);[1] Collins v. Wal-Mart, Inc., 245 F.R.D. 503, 512 (D. Kan. 2007) (plaintiff granted leave to amend to add party believed to be joint employer or integrated enterprise with named EEOC respondent); see also Dunn v. Tutera Group, 181 F.R.D. 653, 659-60 (D. Kan. 1998). Plaintiff argues that because discovery has not yet commenced, he has been unable to determine the nature and scope of any relationships between KU Medical Center, KUPI and UKHA and he therefore cannot determine

---

[1] Romero analyzed subject matter jurisdiction and exhaustion under Title VII, but its analysis is persuasive because Title VII and the ADEA and have virtually identical requirements with respect to the filing of EEOC charges, and Tenth Circuit holdings on the jurisdictional effect of Title VII filings determine the jurisdictional effect of ADEA filings. Shikles v. Sprint/United Mgt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005).

whether he had a duty to exhaust.

A charge of discrimination with the EEOC is a jurisdictional prerequisite to suit under the ADEA. Shikles v. Sprint/United Mgt. Co., 426 F.3d 1304, 1318 (10th Cir. 2005); 29 U.S.C. §626(e). The ADEA prohibits an individual from filing suit "until . . . after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. §626(d)(1). Once plaintiff satisfies the charge-filing requirement, he acquires a cause of action under the ADEA and the court has subject matter jurisdiction over his claim. Conversely, if plaintiff does not satisfy the charge-filing requirement, he has no ADEA cause of action and the court has no subject matter jurisdiction.

While the ADEA authorizes suit only against a respondent named in a charge of discrimination, the Tenth Circuit recognizes certain circumstances where failing to do so does not automatically mandate dismissal. 29 U.S.C. §626(e); Romero, 615 F.2d at 1311-12. For example, dismissal may not be warranted if the body of the charge informally referred to defendant or "there is clear identity of interest between the unnamed defendant and the party named in the administrative charge" such that the unnamed party has notice of the charge and the EEOC has an opportunity to conciliate. Romero at 1311. Factors which a district court may consider when determining whether the omission of a party's name from the EEOC charge is fatal include (but are not limited to):

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 1311-12.

By affidavit, defendants attack the factual basis of subject matter jurisdiction. KUPI and UKHA assert that they do not directly employ physicians to provide medical services and consequently they do not employ anyone in positions like the one for which plaintiff applied. They also assert that they provided no input to KU Medical Center regarding recruitment or hiring for the position which plaintiff sought.

Plaintiff counters with circumstantial evidence that KUPI and UKHA may be sufficiently interrelated with KU Medical Center that they share identity of interest or serve as "joint employers" and therefore may not be subject to a duty to exhaust. Specifically, plaintiff's evidence is as follows: KUPI operates a website (www.kuphysicians.com) where it states that the physicians who practice at KU Medical Center are members of KUPI. The website provides Dr. Weiner's biography and allows patients to schedule appointments with him on line. UKHA participated in plaintiff's EEOC investigation at least nominally, when Richard Fritz (an attorney with Polsinelli, Shalton, Flanigan, Suelthaus PC) entered an appearance by email on its behalf.[2] The same attorneys who represented UKHA in the EEOC investigation represent it in this case and have represented UKHA and KU Medical Center contemporaneously in at least one other case involving plaintiff's counsel.[3] In 1996, sixteen of the practices/foundations at the KU Medical Center integrated to form KUPI. The KU Medical Center and the nonprofit foundations which comprise KUPI jointly employ physicians who practice at the KU Medical Center. New KU Medical Center faculty are introduced to KUPI

---

[2] The email incorrectly identifies KU Hospital as the respondent to plaintiff's EEOC charge.

[3] See Reyes-Martinez v. Univ. of Kan. Hosp. Auth., No. 06-CV-01192-KHV.

-7-

through a "New Faculty Virtual Orientation" which states that KUPI was organized to assist the KU School of Medicine and its faculty with teaching, research and patient care, and that KUPI was designed to "create a practice model that would put a single face on the physician practice at KU Medical Center." KUPI, UKHA and the KU Medical Center are parties to at least one affiliation agreement which they entered in December of 2007. In part, the agreement was entered to make KUPI "independent" of KU, because until then (and at the time plaintiff filed his EEOC charge), leadership of KUPI and the KU Medical Center was intertwined and KU Medical Center had reserve powers over KUPI budgeting. UKHA and the KU Medical Center are parties to another affiliation agreement which they entered in 1998, and are located at the same physical address.

The 2007 affiliation agreement is available on line.[4] According to the affiliation agreement, KUPI is the Faculty Practice Plan for physicians employed by the various non-profit clinical foundations associated with KU Medical Center who serve as faculty for the KU Medical Center and medical staff for UKHA. KUPI and UKHA serve as the primary providers of all inpatient and outpatient clinical services for which KU Medical Center-employed physicians provide clinical services, and KU Medical center only recruits clinical physicians for the Greater Kansas City Area to be members of KUPI and medical staff at UKHA. KUPI, UKHA and the KU Medical Center participate jointly in strategic planning regarding medical staff development and compensation decisions.

The affiliation agreement grants "the full-time faculty physicians employed by the Foundations and KUPI" full access to KU Hospital and KU Medical Center facilities consistent

---

[4] Its exhibits, which contain information about the KUPI compensation plan, allocation of clinical physician salaries who supervise resident physicians at KUPI outpatient facilities, and KU Medical Center's baseline salary support for its clinical physicians, are not on line.

-8-

with medical staff privileges, and requires that KU Medical Center physicians only have admitting privileges privileges at KU Hospital. The KU Hospital CEO consults with the KU Medical Center dean regarding appointments of clinical department chairs, who report to him or her.

Plaintiff hypothesizes that because the three entities are related through this affiliation agreement (and possibly others), it is likely that had his claims been resolved through the EEOC process, the resolution would have included not only KU Medical Center (which he named) but also any affiliated entities such as KUPI and UKHA. Plaintiff also hypothesizes that the affiliation agreement suggests that had plaintiff been hired by KU Medical Center, he would have become a member of KUPI and would have received compensation therefrom. Plaintiff also notes that the agreement references unnamed underlying foundations, the names of which he has been unable to discover, which may or may not be employers (either in addition to, or instead of KUPI) which should be joined in this litigation.

Plaintiff argues that under Dunn v. Tutera Group, 181 F.R.D. 653 (D. Kan. 1998), he is entitled to discovery because defendants' motions to dismiss under Rule 12(b)(1) turn on factual questions. In Dunn, the Court determined that when district courts examine exhaustion as a jurisdictional prerequisite to suit under Rule 12(b)(1), they have discretion to consider several factors and determine jurisdiction "after each side has had an opportunity to fully address the question." Dunn, 181 F.R.D. at 656 (quoting Romero, 615 F.2d at 1312). Similarly, plaintiff argues that UKHA's 12(b)(6) motion is premature because questions about the employer-employee relationship require discovery to answer. See Aguirre v. McCaw RCC Commc'ns Inc., 923 F. Supp. 1431, 1435 (D. Kan. 1996); Gilmore v. List & Clark Const. Co., 862 F. Supp. 294, 298 (D. Kan. 1994). The Court agrees that plaintiff should have the opportunity to conduct limited discovery to

determine the degree and scope of any employment relationship between KU Hospital, UKHA and KUPI and therefore overrules defendants' motions to dismiss. Sizova v. Nat'l Inst. of Standards, 282 F.3d 1320, 1326 (10th Cir. 2002). Plaintiff's motion to commence discovery is sustained in part; discovery shall commence as agreed by the parties and ordered by Magistrate Judge James P. O'Hara in related proceedings, at which time the degree to which the discovery topics raised by plaintiff can be addressed.[5]

**IT IS THEREFORE ORDERED** that the Motion To Dismiss (Doc. #14) filed June 6, 2009 by KU, KU Medical Center, KU School of Medicine and Kansas Board of Regents be and is hereby **SUSTAINED.** Plaintiff's claims against KU, KU Medical Center, KU School of Medicine and Kansas Board of Regents are hereby dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Integrated Rule 56(f) Motion And Memorandum In Support Of Motion To Commence Discovery (Doc. #38) be and hereby is **SUSTAINED in part.** Discovery shall commence as agreed by the parties and ordered by Magistrate Judge James P. O'Hara and the scope of such discovery shall be determined in those proceedings.

**IT IS FURTHER ORDERED** that Defendant Kansas University Physicians, Inc. Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. # 11) filed May 20, 2009 and Defendant The University Of Kansas Hospital Authority's Motion To Dismiss (Doc. #19) filed July 2, 2009 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion And Suggestions In Support Of

---

[5] A telephone scheduling conference with Magistrate Judge James P. O'Hara is scheduled for December 14, 2009 at 9:00 a.m.

Motion To File A Sur-Reply (Doc. #36) filed August 21, 2009 be and hereby is **OVERRULED** as moot.

Dated this 11th day of December, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge