IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEFAN SEMCHYSHYN,  )
                    )
    Plaintiff,      )
                    )
v.                  )  Case No. 08-2627-KHV
                    )
UNIVERSITY OF KANSAS HOSPITAL )
AUTHORITY, et al.,  )
                    )
    Defendants.     )

# ORDER

This is an age-discrimination suit brought by plaintiff, Stefan Semchyshyn, against various defendants. On December 11, 2009, the presiding U.S. District Judge, Kathryn H. Vratil, denied motions to dismiss by some defendants and allowed Semchyshyn to conduct limited discovery to determine the degree and scope of any employment relationship between the defendant named in the EEOC charge of discrimination and those defendants not named in the charge (*see* doc. 49).[1] Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, are three motions to compel this limited discovery from three different defendants—University of Kansas Hospital Authority ("UKHA"), Kansas

---

[1] Judge Vratil's order stated, "The Court agrees that plaintiff should have the opportunity to conduct limited discovery to determine the degree and scope of any employment relationship between KU Hospital, UKHA and KUPI and therefore overrules defendants' motions to dismiss." Doc. 49 at 9–10. The same day Judge Vratil entered her order, Semchyshyn filed an amended complaint adding Kansas University Gynecological and Obstetrical Foundation and Dr. Carl Weiner as defendants. Doc. 50.

University Gynecological and Obstetrical Foundation ("KUGOF"), and Kansas University Physicians Inc. ("KUPI") (**docs. 87, 89, and 91**).

No response has been filed by KUGOF (as to doc. 89) or KUPI (as to doc. 91). Pursuant to D. Kan. Rule 7.4(b), where a party fails to file a timely response, the court will consider and decide a motion as uncontested, and the motion will ordinarily be granted without further notice. Having received no responses to these two motions, doc. 89 and doc. 91 are hereby granted as unopposed.

Semchyshyn's remaining motion to compel discovery responses from UKHA (doc. 87) seeks to compel responses to Interrogatory Nos. 1–10 and Request for Production Nos. 2–9, 11, 13–19, and 21. The court would first note that the parties disagree about whether reasonable efforts to meet and confer were made with regard to this discovery dispute. UKHA contends that Semchyshyn failed to confer in good faith before filing the motion to compel. Pursuant to Fed. R. Civ. P. 37(a)(1), a movant must, in good faith, "confe[r] or attemp[t] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." D. Kan. Rule 37.2 states "[a] 'reasonable effort to confer' . . . requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."

Semchyshyn's counsel certified that reasonable efforts to confer were made but that the parties' discussion was unsuccessful. UKHA alleges that Semchyshyn's attorney's attempt to confer "was more of a 'cross examination' rather than effort to resolve discovery disputes," and that Semchyshyn's counsel "never went beyond demanding every request for

discovery be answered as written."[2] Although it's unclear from these diverging accounts whether the letter or even the spirit of the meet-and-confer rules were satisfied, the court will exercise its discretion and address the merits of the motion.[3] The parties are reminded to strictly adhere to their Rule 37 duties in the future.

Semchyshyn generally argues that these discovery requests are necessary to show the interrelation between the defendants, as allowed by Judge Vratil's order. UKHA claims that the discovery requests at issue are irrelevant to the issue of subject-matter jurisdiction and are otherwise overly broad. As noted above, Judge Vratil concluded that Semchyshyn "should have the opportunity to conduct limited discovery to determine the degree and scope of any employment relationship between KU Hospital, UKHA and KUPI . . . ."[4] This conclusion was based on relevant Tenth Circuit and District of Kansas cases concluding that an action may proceed against a party who was not named in an EEOC charge where the named and unnamed parties share an identity of interest or are otherwise an integrated enterprise.[5] In allowing Semchyshyn to proceed with limited discovery, Judge Vratil's order

---

[2] Doc. 96 at 12.

[3] *See White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (waiving non-compliance with duty to confer to avoid further delay of resolution of the matter); *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552, 2009 WL 129361, at *2 (D. Kan. Jan. 20, 2009) (electing to address the merits of discovery dispute despite failure to confer).

[4] Doc. 49 at 9–10.

[5] *See, e.g.*, *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311–1312 (10th Cir. 1980); *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 511 (D. Kan. 2007) ("[I]f named and unnamed entities in the EEOC charge constitute an integrated enterprise, the unnamed entities may be

highlighted some preliminary circumstantial evidence put forth by Semchyshyn that suggested at least the possibility of an integrated relationship among the various defendants. Although UKHA, in both its response and its objections to Semchyshyn's discovery requests, argues that discovery should be limited to determining who employs Dr. Weiner, the individual defendant charged with making the allegedly discriminatory hiring decision in this case, it's difficult to conclude that Judge Vratil's order was so limited. Rather, based on the discussion in the order of whether there was evidence that the defendants are integrated enterprises, the limits on discovery are just what Judge Vratil said them to be, specifically, that Semchyshyn is entitled to limited discovery regarding "any employment relationship between KU Hospital, UKHA and KUPI."[6]

Having determined the scope of this jurisdictional discovery, the next concern is whether UKHA should be compelled to respond to the individual discovery requests served by Semchyshyn on UKHA. Semchyshyn served 10 interrogatories and 23 requests for production. Semchyshyn now seeks an order compelling responses to all but 6 of the requests for production. Each discovery request is addressed in turn.

---

included in a suit under Title VII.").

[6] The EEOC charge named KU Medical Center. The University of Kansas Hospital ("KU Hospital") is a named defendant in this case, but no appearance has been entered on its behalf, and it is unclear whether KU Hospital is a wholly separate entity, or whether the limited discovery was permitted to determine the relationship between the unnamed defendants (UKHA, KUPI, and now KUGOF) and the named defendant (KU Medical Center, referred to as KU Hospital). Regardless, this distinction does not generally affect the issues in this order.

*Interrogatories 1–4.* These interrogatories broadly seek, respectively, identification of "all relationship agreements and/or contracts" among the defendants; "all agreements and/or contracts" between the defendants and any other entity that retains physicians; all individuals who, among other things, "have knowledge" of any of these agreements; and all law firms that have provided services to UKHA since January 2006. Identification of all law firms that have provided services to UKHA bears no obvious relevance to the "employment relationship" between the defendants, and thus Semchyshyn's motion on this point (Interrogatory No. 4) is denied. Similarly, agreements between UKHA and other non-defendant entities does not address the employment relationship *between* the defendants. Thus, Semchyshyn's motion as to Interrogatory No. 2 is denied. Further, asking UKHA to identify any individual who has "knowledge" of any such agreement (Interrogatory No. 3) is, as UKHA argues, overly broad and nearly impossible to respond to. Discovery requests may be considered overly broad if they make use of broad, omnibus terms that "'make arduous the task of deciding which of numerous documents may conceivably fall within its scope.'"[7] Similarly, asking a party to identify all individuals who have "administered, drafted, been responsible for and/or otherwise have knowledge" of a broad range of undefined documents is an equally arduous task—and likely to produce a great deal of irrelevant information. Semchyshyn's motion to compel makes no effort to limit or otherwise specify the information sought in Interrogatory No. 3, and thus the motion as to

---

[7]*In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 576 (D. Kan. 2009) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006)).

that request is denied as overly broad.

With regard to Interrogatory No. 1, which requests "all relationship agreements" between defendants, UKHA objects on the grounds that the request is overly broad, irrelevant, and that it has already produced an affiliation agreement between UKHA, KUPI, and the KU School of Medicine. The undersigned agrees that a request for "all relationship agreements and/or contracts" is overly broad and not relevant to the limited discovery set by Judge Vratil's order, i.e., the degree of any shared employment relationship. But to the extent this request is seeking *employment* relationship agreements or contracts between the defendants, and to the extent this information has not already been produced by UKHA, Semchyshyn's motion with regard to Interrogatory No. 1 is granted.

*Interrogatories 5–6*. Interrogatory No. 5 asks UKHA to identify all administrative agreements between defendants, including those governing human resources and recruitment programs. Interrogatory No. 6 seeks the procedure by which a physician serving one defendant may use the facilities or staff at a separate entity. UKHA objects that these interrogatories are overly broad, unclear, and irrelevant to the limited discovery order. While the undersigned concludes that the wording of these requests leaves something to be desired, administrative agreements between defendants governing human resources and recruiting is relevant to any possible shared employment relationship among defendants. Similarly, the right of a physician to use the facilities and staff of the various defendants' facilities could speak to any shared employment relationship as well. However, UKHA notes in its

response that the affiliation agreement and professional-services agreement already produced is responsive to these requests. Thus, Semchyshyn's motion on this point is granted only to the extent there are other agreements or procedures not already produced by UKHA.

*Interrogatory 7.* Interrogatory No. 7 asks UKHA to identify the manner in which it receives funds for services performed by physicians who also provide services for all defendants. UKHA maintains that this subject has nothing to do with the degree and scope of any employment relationship shared among defendants, but arguably, the manner in which UKHA receives payment or shares payment with other defendants is relevant to any employment relationship between the same. Thus, to the extent UKHA has not already provided this information through production of the professional-services agreement, Semchyshyn's motion as to Interrogatory No. 7 is granted.

*Interrogatories 8 and 10.* These interrogatories address how UKHA handles investigations and charges of discrimination. Although Semchyshyn's motion seeks an order compelling responses to these requests, and although UKHA did level relevancy objections, UKHA did provide answers to these requests. Specifically, UKHA's response to Interrogatory No. 8 clearly states that it does not notify other defendants when it is named in an action or investigation, and that when it is named in a charge of discrimination (the subject of Interrogatory No. 10) its procedure is to notify counsel. Semchyshyn does not address why these answers are insufficient, and thus the motion as to Interrogatory Nos. 8 and 10 is denied, as these inquiries have been answered.

*Interrogatory 9*. Interrogatory No. 9 asks UKHA to "[i]dentify all 1099 and/or W-2's issued to physicians from January 1, 2006 to the present." UKHA objects that this request is not tailored to determining the degree or scope of any employment relationship between defendants, and the undersigned agrees. Semchyshyn only states that this request is seeking information regarding how UKHA pays its employees and staff, but he does not suggest how this is relevant to discerning any employment relationship *between* the defendants. Accordingly, his motion as to Interrogatory No. 9 is denied.

*Requests 2–4*. These requests generally seek agreements or contracts between defendants. UKHA argues that these requests are overly broad and place an impossible burden on it due to the use of such generic, omnibus phrases like "all documents," and "referring or relating to." Request No. 2 asks UKHA to produce "[e]ach and every document reflecting any/all agreements and/or contracts which include" any of the defendants as parties. With regard to Request No. 2, UKHA's overbreadth argument certainly has merit. Requesting *every* document reflecting *all* agreements and contracts where *any* defendant is a party is clearly overreaching and not at all limited to determining the extent of any employment relationship between defendants. As noted above, such a broadly phrased request makes it nearly impossible for UKHA to determine "which of numerous documents may conceivably fall within its scope."[8] Thus, Semchyshyn's motion as to Request No. 2 is denied.

---

[8]*In re Urethane Antitrust Litig.*, 261 F.R.D. at 576.

Request Nos. 3 and 4, while broadly worded, are not so generic as to prohibit UKHA from determining which documents are being requested. Request No. 3 asks for "[e]ach and every document reflecting Professional Services Agreements" between defendants since January 1, 2006. And Request No. 4 asks for all other agreements by which UKHA is provided physician services from any of the other defendants since that same time. UKHA argues that it has already produced the affiliation agreement and professional-services agreement involving Dr. Weiner. However, as noted above, Judge Vratil's order was not limited solely to discovery regarding Dr. Weiner's employer. Thus, to the extent there are additional documents beyond those already produced that are responsive to Requests Nos. 3 and 4, UKHA shall produce them.

*Request 5*. Request No. 5 seeks "[e]ach and every document reflecting all individuals and dates of employment for all individuals who performed physician services at KUH from January 1, 2006 to the present." UKHA objects that this request is vague and overly broad, and also irrelevant to the limited-discovery directive. The undersigned agrees. As with Request No. 2, such a broadly worded request makes compliance nearly impossible. Further, employment information for any physician who has performed services for UKHA holds no immediate relevance to any employment relationship *between* defendants, and Semchyshyn has not provided any explanation justifying this request other than to repeat the request itself. Accordingly, Semchyshyn's motion as to Request No. 5 is denied.

*Requests 6, 11, and 21*. These requests ask UKHA to produce all policies and

procedures for creating and maintaining employee personnel files, UKHA's employee handbook, and all organizational charts and job descriptions within UKHA's corporate management structure since January 1, 2006. UKHA objects to these requests as not being relevant to any employment relationship between the defendants. As with most of the discovery requests at issue here, Semchyshyn makes little attempt to explain what relevance these documents would have. Presumably, policies and organizational structure *within* UKHA have nothing to do with any shared employment relationship *between* the defendants in this case. However, it is possible that there are employment personnel policies and organizational charts or job descriptions that may speak to an employment relationship shared among the defendants. Thus, to the extent UKHA has responsive documents that would address an employment relationship *between* defendants, it shall produce these documents. Otherwise, Semchyshyn's motion as to these requests is denied.

*Requests 7–8, 13–17, and 19*. These requests seek documents regarding Semchyshyn's complaints of discrimination that were generated as a result of UKHA's internal investigation or otherwise provided to the EEOC or other government agency by UKHA. The undersigned would first note that, although these requests—all of which are considerably repetitive—may bear some relevance to the substantive issue in this case, they have no apparent relevance to the limited discovery contemplated by Judge Vratil's order, i.e., the employment relationship between defendants. Further, as UKHA notes, its responses to these requests clearly state that it did not conduct any internal investigation

regarding Semchyshyn's age-discrimination complaint. And UKHA's response also states that it has not provided any documents regarding Semchyshyn's discrimination complaint to any city, state, or federal agency, commission, department, or organization. Semchyshyn makes no attempt to demonstrate the relevancy of these requests to the limited discovery currently allowed in this case. Nor has he attempted to demonstrate that UKHA's responses to these requests are inadequate. Accordingly, Semchyshyn's motion regarding Request Nos. 7–8, 13–17, and 19 is denied.

*Request 9.* Request No. 9 asks for "any and all documents regarding complaints of age discrimination made from January 1, 2006 through the present," as well as "each and every document reflecting any investigation undertaken by Defendant as a result of any complaints, charges, or lawsuits related to age discrimination." UKHA objects that this is irrelevant to the existence of any employment relationship between or among defendants, and the undersigned agrees. Much like with the requests discussed above, Semchyshyn makes no attempt to justify the relevancy of this request. Thus, his motion as to Request No. 9 is denied.

*Request 18.* Request No. 18 asks UKHA to produce all documents regarding Semchyshyn's age-discrimination claim given to UKHA by Semchyshyn. UKHA objects on the grounds that Semchyshyn has the same access to these documents as UKHA, and that this discovery should be limited under Fed. R. Civ. P. 26(b)(2)(C)(i), which permits the court to limit discovery if the discovery sought can be obtained from some other source that is

more convenient, less burdensome, or less expensive. Semchyshyn's only argument on this point is that UKHA is not relieved from producing responsive documents simply because he has equal access to the documents. However, the undersigned concludes that the limitation allowed under Rule 26(b)(2)(C)(i) is appropriate in this case, especially in light of the fact that this discovery request bears little relevance to any employment relationship between the parties. Further, UKHA's response clearly states that Semchyshyn has not provided any documents to it regarding this case. Accordingly, Semchyshyn's motion as to Request No. 18 is denied.

*Privilege Log*. Semchyshyn also argues that UKHA has failed to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) for the requests UKHA objected to under a claim of attorney-client privilege or the work-product doctrine. It doesn't appear that Semchyshyn is objecting to the claim of privilege—he is just requesting a log for those items claimed as such. UKHA does not address this request. Thus, to the extent responsive documents have been withheld by UKHA as privileged or work product, UKHA shall provide a privilege log adequately detailing these documents.

Semchyshyn's motion is thus granted in part and denied in part as discussed above. Renewed motions to dismiss were due June 7, 2010 (*see* doc. 84), but none were filed. By **June 18, 2010**, in accordance with the December 16, 2009 scheduling order, the parties remaining in this case shall submit an updated Fed. R. Civ. P. 26(f) report to the undersigned's chambers that proposes deadlines for ADR, the completion of all merits-based

discovery, expert-witness disclosures, summary-judgment motions, trial, etc. Upon submission of the report, the undersigned will convene a status and scheduling conference to address these subjects.

       IT IS SO ORDERED.

       Dated June 10, 2010, at Kansas City, Kansas.

                                          <u>s/ James P. O'Hara</u>
                                          James P. O'Hara
                                          U.S. Magistrate Judge